D. R. DANIEL ET AL. V. HENRY SCHOMBERG ET AL.

FILED SEPTEMBER 23, 1898.    No. 8270.

Trial on Motion for Deficiency Judgment: EVIDENCE. In the trial for the purpose of ascertaining whether or not a deficiency judgment should be rendered, it is not prejudicially erroneous to receive in evidence copies of the pleadings and of the return of the sheriff on the order of sale; neither is it prejudicially erroneous to permit the clerk of the district court to testify that the costs have been paid out of the proceeds of the foreclosure sale.

ERROR from the district court of Madison county. Tried below before ROBINSON, J.  *Affirmed.*

*Beels & Schoregge* and *G. N. Beels,* for plaintiffs in error.

*Robertson & Wigton* and *Powers & Hays,* contra.

RYAN, C.

This error proceeding is for the reversal of a deficiency judgment rendered by the district court of Madison county.

It is assigned as error that the petition or order did not state facts sufficient to constitute a cause of action. There is in the record no petition, except as found in the bill of exceptions, and the order is one requiring cause to be shown by a time fixed why a deficiency judgment for a certain amount should not be entered. There was no attempt to make such a showing. There were introduced in evidence a copy of the petition and all other pleadings in the original case as well as the return of the sheriff on the order of sale showing how much had

been realized therefrom. Though objected to, we think these papers, while probably some of them were unnecessary, were not prejudicial to any right of the plaintiffs in error.

The clerk of the district court aforesaid was sworn and testified as to the amount of the costs and that they had been paid out of the proceeds of the foreclosure sale. Plaintiffs in error could have suffered no injury from this kind of testimony, and, as no other points are presented by the petition in error, the judgment of the district court is

AFFIRMED.